**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ERNEST ALPHONSO THOMAS,          :
                                 :
          Plaintiff,             :          Civil Action No.:     11-1998 (RC)
                                 :
          v.                     :          Re Document Nos.:   17, 19, 24
                                 :
WASHINGTON METROPOLITAN          :
AREA TRANSIT AUTHORITY           :
                                 :
          Defendant.             :

<u>**MEMORANDUM OPINION**</u>

**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING
IN PART DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION TO APPOINT COUNSEL**

**I. INTRODUCTION**

Plaintiff, Earnest Thomas, is an employee with the Washington Metropolitan Area

Transit Authority ("WMATA") who claims that he was passed over for several promotions

based on his race (black), national origin (African), age (56 at time of the complaint) and that he

was retaliated against for complaining about his discriminatory treatment  in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and the Age

Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA").  WMATA has filed a

partial motion for summary judgment arguing that: one of plaintiff's Title VII claims is untimely

because he failed to file a "charge" with the Equal Employment Opportunity Commission

("EEOC") within 180 days of the alleged discriminatory act; plaintiff's Title VII retaliation

claim is premature because plaintiff has not yet received a right to sue letter from the EEOC;

and, all of plaintiff's ADEA claims fail because WMATA is not subject to liability under the

ADEA because it is entitled to Eleventh Amendment immunity. [Docket No. 24].  For his own

part, plaintiff has also filed a motion for summary judgment claiming that he is entitled to

judgment as a matter of law on his discrimination claims. [Docket No. 19].  Additionally,

plaintiff, who appears *pro se*, has moved the Court to appoint him counsel. [Docket No. 17].  For

the reasons set forth below, plaintiff's motion for summary judgment is DENIED, defendant's

partial motion for summary judgment is GRANTED in part and DENIED in part, and plaintiff's

motion to appoint counsel is GRANTED in part and DENIED in part.


## II.  FACTUAL ALLEGATIONS & PROCEDURAL BACKGROUND

Since June 20, 2005, plaintiff has been employed as a "D Mechanic - Electrical" in

WMATA's Rail Car Maintenance Department.  Complaint at ¶ 3.   In 2009, plaintiff applied for

two promotions: Vehicle Engineer (Job Vacancy No. 090834) and Senior Vehicle Engineer (Job

Vacancy No. 090350).  Complaint at ¶ 8.  He was not interviewed for either position and other

individuals were selected.

On March 18, 2010, plaintiff wrote a letter to the EEOC concerning his allegations of

discrimination.  Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for

Summary Judgment and Cross-Motion for Partial Summary Judgment [Docket No. 26], Exhibit

3.  In that letter, plaintiff claimed that he was discriminated against when he was not selected for

the two above-referenced positions.  *Id.*  He wrote that, by submitting the letter, he wanted to file

a complaint based on race, national origin and age discrimination and that he was "filing th[e]

complaint" at that time "in order to observe the statute of limitation[s] of 180 days and accelerate

the process . . . ."  *Id.*  Based on that letter, the EEOC prepared a charge form that plaintiff signed

on April 29, 2010 and that the EEOC received on May 4, 2010 (Charge No. 570-2010-01090).

Defendant WMATA's Opposition to Plaintiff's Motion for Summary Judgment and Cross-

Motion for Partial Summary Judgment ("WMATA Mtn./Opp.") [Docket No. 24], Exh. 1 at 31-

32; Exh. 2.  After more than 180 days since the EEOC assumed jurisdiction over the charge, on

August 18, 2011, the EEOC sent plaintiff a right to sue letter on that charge.  *Id.* at Exh. 3.

Later in 2010, plaintiff applied for a Senior Electrical Engineer position and was

interviewed for that position on September 22, 2010.  Complaint at ¶ 27; Docket 24, Exh. 4.  He

was informed on December 29, 2010 that he had not received this position.  *Id.*  On March 21,

2011, the EEOC received the charge form from plaintiff concerning this non-selection.  Docket

24, Exh. 4.[1]

Plaintiff filed the current action on November 14, 2011.  Plaintiff alleges that he was

passed over for a number of promotions because of his race, national origin, age, and retaliation.

The non-selections at issue can be broken down into three categories: 1) a number of unspecified

non-selections going back to 2005 for which plaintiff never filed an EEOC charge; 2) the two

non-selections included in plaintiff's first EEOC charge; and 3) the non-selection resulting in the

retaliation claim at issue in plaintiff's second EEOC charge.  For the reasons set forth below,

plaintiff's Title VII claims which were included in the two EEOC charges survive, and all others

are dismissed.  Additionally, all of plaintiff's ADEA claims are dismissed.  Moreover, plaintiff's

motion for appointment of counsel is granted in part and counsel shall be appointed from this

Court's pro bono panel for the sole purpose of pursuing mediation.


### III.  ANALYSIS OF DISCRIMINATION/RETALIATION CLAIMS

The plaintiff has moved for summary judgment on all of his discrimination and

retaliation claims, asserting that he is entitled to judgment as a matter of law. [Docket No. 19].

---

[1]     There are a number of different dates on this form, including an apparent signature date of
October 15, 2011.  But because defendant has not addressed this issue, the Court relies upon the date
stamp from the EEOC.

The defendant has moved for summary judgment on some of the plaintiff's claims, arguing that some are untimely and that WMATA is not subject to age claims pursuant to the ADEA. Each of these motions are addressed below.

### A.  Legal Standard for a Motion for Summary Judgment

Summary judgment may be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is capable of affecting the substantive outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if sufficient evidence exists such that a reasonable jury could return a verdict for the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

The principal purpose of summary judgment is to streamline litigation by disposing of factually unsupported claims or defenses and determining whether there is a genuine need for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party bears the initial responsibility of identifying those portions of the record which demonstrate the absence of any genuine issue of material fact. *Id.* at 323; Fed. R. Civ. P. 56(c)(1)(A) (noting that the movant may cite to "depositions, documents, electronically stored information, affidavits or declarations, . . . admissions, interrogatory answers, or other materials"). In response, the non-moving party must similarly designate specific facts in the record that reveal a genuine issue that is suitable for trial. *Celotex*, 477 U.S. at 324. On a motion for summary judgment, the court must "eschew making credibility determinations or weighing the evidence," *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007), and all underlying facts and inferences must be analyzed in the light most favorable to the non-moving party, *Anderson*, 477 U.S. at 255. Nevertheless, conclusory

assertions offered without any evidentiary support do not establish a genuine issue for trial. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

## B. Plaintiff's Motion for Summary Judgment is Denied

The plaintiff has moved for summary judgment in his favor.  Because the typical Title VII discrimination or retaliation case is premised on the employer's subjective motivations, the critical issue concerns what was taking place in the subject individuals' minds.  Thus, if the individuals who allegedly took the discriminatory/retaliatory acts deny that discrimination or retaliation motivated their actions, because no one else knows precisely what went on inside their minds, it is difficult (if not impossible) for there not to be a question of fact as to what actually motivated them.  Consequently, summary judgment in favor of a plaintiff in a discrimination or retaliation case is exceedingly rare.  This is no exception.

Plaintiff supports his entire motion on the report issued as a result of WMATA's internal investigation of his allegations.  *See generally* Motion for Summary Judgment in Favor of Plaintiff ("Pltf's MSJ"). [Docket 19].  WMATA argues that plaintiff's motion should be denied because the internal report is not admissible as it is hearsay or, alternatively, its prejudicial effect outweighs its probative value.   WMATA Mtn./Opp. at 2-4.  Because the Court need not make that evidentiary ruling at this time, it defers that question until trial.  Even if the report were admissible, it would not entitle plaintiff to judgment as a matter of law.

In WMATA's internal report, WMATA identified several problems with the non-selections at issue but did not conclude that discrimination or retaliation had occurred.  Pltf's MSJ, Exh. I.   Thus, because there is no conclusion that discrimination occurred, all that the report could establish is that problems existed in the selection processes utilized during the non-promotions at issue.  But that is not enough to establish liability under Title VII. *See Fischbach*

5

*v. D.C. Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C. Cir. 1996)  ("[a]n employer's failure 'to follow its own regulations and procedures, alone, may not be sufficient to support' the conclusion that its explanation for the challenged employment action is pretextual" (quoting *Johnson v. Lehman*, 679 F.2d 918, 922 (D.C. Cir. 1982))); *Kennedy v. D.C. Gov't*, 519 F. Supp. 2d 50, 63 (D.D.C. 2007) (poor selection process not sufficient evidence absent "demonstrably discriminatory motive").  "The irregularities in the process even if proven must indicate a discriminatory motive."  *Boone v. Clinton*, 675 F. Supp. 2d 137, 148-49 (D.D.C. 2009); *Butler v. Ashcroft*, 293 F. Supp. 2d 74, 79-80 (D.D.C. 2003).  Plaintiff has not provided any evidence of discriminatory intent beyond the purported irregularities or failures to follow policy.  Because defendant's employees deny that they discriminated against plaintiff, a question of fact exists as to what motivated them.  Accordingly, plaintiff has not established his case as a matter of law and his motion for summary judgment must be denied.

**C.  Defendant's Motion for Summary Judgment is Granted in Part and Denied in Part**

Plaintiff has brought claims concerning a number of promotions he claims he was denied based on discrimination and/or retaliation.  His discrimination claims are partly brought pursuant to Title VII's prohibition of discrimination based on race and national origin, and partly brought pursuant to the ADEA's prohibition of age discrimination.  Defendant argues in its motion for summary judgment that some, but not all, of plaintiff's Title VII claims were not exhausted before the EEOC, are included in an EEOC charge that was not timely submitted, or are premature because the EEOC did not issue a right to sue letter.  Additionally, defendant argues that plaintiff's ADEA claims fail as WMATA is not subject to suit pursuant to the ADEA because of WMATA's Eleventh Amendment immunity.  Each of these arguments are addressed below.

6

### D.  Plaintiff's Title VII Discrimination & Retaliation Claims

As set forth above, plaintiff alleges that he was passed over for a number of promotions because of his race, national origin, and retaliation.  The non-selections at issue can be broken down into three categories: 1) a number of unspecified non-selections going back to 2005 for which plaintiff never filed an EEOC charge; 2) the two non-selections included in plaintiff's first EEOC charge; and 3) the non-selection resulting in the retaliation claim at issue in plaintiff's second EEOC charge.  WMATA argues that: the non-selections going back to 2005 have not been exhausted; one of the two non-selections included in plaintiff's first EEOC charge is untimely; and, the retaliation claim included in the second EEOC charge is premature because plaintiff has not received a right-to-sue letter.  For the reasons set forth below, the Court concludes that plaintiff's claims concerning non-selections going back to 2005 are untimely and unexhausted, both claims contained in plaintiff's first EEOC charge are timely, and plaintiff can pursue his retaliation claim despite not having received a right to sue letter.

The EEOC has broad authority to enforce Title VII's mandates, and the EEOC has established detailed procedures for the administrative resolution of discrimination complaints. *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).  "Complainants must timely exhaust these administrative remedies before bringing their claims to court."  *Id.*  In particular, Title VII requires that plaintiffs file an EEOC charge within a certain time period of the allegedly unlawful act.  42 U.S.C. § 2000e-5(e)(1).   Specifically, the statute states:

> (e) Time for filing charges; time for service of notice of charge on respondent; filing of charge by Commission with State or local agency; seniority system
>
> (1) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be

served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C. § 2000e-5(e).  Moreover, for discrete acts of discrimination such as the failures to promote at issue here, a plaintiff must file an EEOC charge for each non-selection within 180 or 300 days (whichever applies) of the non-selection.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).  Guided by these principles, the Court addresses each of defendant's arguments.

### 1.  Non-Selections Going Back to 2005

Although not explicitly in his complaint, plaintiff suggests that he is entitled to pursue discrimination claims for promotions he was denied all the way back to 2005.  Pltf's MSJ at 2-4. Plaintiff's theory is based on the fact that, apparently, WMATA for several years utilized a job announcement for entry level positions that erroneously stated that six years of engineering experience was required.  Pltf's MSJ, Exh. I at 2-6.  Because of the use of this apparently erroneous job posting that was created in 2005, plaintiff claims that he was discriminated against going back to the point in 2005 when he began applying for vehicle engineering positions.  Pltf's MSJ at 4.  Although there is no evidence that plaintiff ever submitted an EEOC charge based on these older non-selections (WMATA Mtn./Opp., Exh. 1 at 31 [EEOC charge received on May 4, 2010 is the first EEOC charge plaintiff submitted]), plaintiff argues that such claims are timely based on *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).  Pltf's MSJ at 4. However, in *Morgan*, the Supreme Court held just the opposite.  Because a non-selection of the

kind of which plaintiff complains is considered a discrete act, plaintiff had to submit a timely EEOC charge after each one. *Morgan*, 536 U.S. at 102. Because there is no evidence that he did, these claims are not administratively exhausted and are untimely. As such, they are dismissed.

### 2. Two Non-Selections Included in Plaintiff's First EEOC Charge

Plaintiff's first EEOC charge complained about discrimination in two non-selections. WMATA argues that claims involving at least one of these non-selections are untimely. WMATA Mtn./Opp. at 4. The record before the Court on these two non-selections is not at all clear. Regardless, as set forth below, the Court concludes that the EEOC charge on these claims was timely submitted. Accordingly, these claims survive summary judgment and shall proceed to trial.

Plaintiff has complained about two non-selections that were included in his first EEOC charge. The record concerning each of these non-selections, as can best be deciphered, is set forth below:

Vehicle Engineer (090834): This position appears to have been posted from November 7, 2009 to December 1, 2009. Pltf's MSJ, Exh. III (PACER page 19 of 82). Interviews appear to have been conducted from January 19, 2010 to January 28, 2010. Pltf's MSJ, Exh. II (PACER page 20 of 82). It also appears that candidate Ever Diaz was selected on March 15, 2010. *Id.* at Exh. III.

Senior Vehicle Engineer (090350): This position appears to have been posted from July 9, 2009 to July 22, 2009. Pltf's MSJ, Exh. III (PACER page 19 of 82). The record before the Court does not reflect when interviews were conducted. It appears that candidate Jun Deng was selected for the position. *Id.* That selection may have been made on January 18, 2010. *Id.*;

Plaintiff's Second Response to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Partial Summary Judgment [Docket No. 29], Attach. A.

WMATA moves to dismiss plaintiff's claims based on one or both of these non-selections.  WMATA's short and straight-forward argument on this point is that: 1) plaintiff has stated in his Complaint that he was discriminated against on October and December 2009; 2) he did not file an EEOC charge until May 4, 2010; 3) Title VII requires that an EEOC charge involving WMATA must be filed within 180 days;[2] and, 4) there are more than 180 days between October 2009 and May 4, 2010.  WMATA Mtn./Opp. at 4 *citing* Complaint at ¶ 8. There are a couple of problems with this argument.

First, as the chronology set forth above makes clear, neither position appears to have been filled until 2010.  Because plaintiff was not interviewed for either position, he was probably aware that he would not be selected for the positions before the selections were made.  But the ultimate selection decision did not occur until the position was filled.  The parties have not briefed whether the claim accrued on the date he learned he was not being interviewed or the date the position was filled.

Second, WMATA's argument assumes that the EEOC charge form submitted on May 4, 2010 necessarily constitutes the EEOC charge for purposes of calculating the deadline.  To the contrary, the Supreme Court has stated that a "charge" can be an informal document so long as an objective observer would conclude that the filer requests that the agency activate its machinery and remedial processes.  *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402-03 (2008).  Under this guidance, courts have concluded that letters of the variety sent by plaintiff in

---

[2]     Because plaintiff does not challenge this proposition, the Court assumes without deciding that the statute requires that an EEOC charge involving WMATA must be submitted within 180 days (rather than 300 days) of the allegedly discriminatory act.  42 U.S.C. § 2000e-5(e)(1).

this case qualify as charges.  *Tucker v. Howard Univ. Hosp.*, 764 F. Supp. 2d 1, 6-8 (D.D.C. 2011) (letter from filer's counsel accompanied by EEOC questionnaire qualify as charge); *see also Edelman v. Lynchburg College*, 535 U.S. 106 (2002) (letter from filers can qualify as charge in remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process).  Although WMATA argues that the March letter should not be deemed as a charge, it does not address the relevant standards.[3]  The language that plaintiff included in his letter indicating that he wanted to file a complaint based on race, national origin and age discrimination and that he was "filing th[e] complaint" at that time "in order to observe the statute of limitation[s] of 180 days and accelerate the process" would lead an objective observer to conclude that he was requesting that the agency activate its machinery and remedial processes.  Accordingly, because this letter qualifies as a "charge," in order to be timely, plaintiff's non-selection claim must have accrued within 180 days of this March 18, 2010 letter.  Thus, even a claim that accrued in October would have been timely submitted.  Consequently, both of plaintiff's claims included in his first EEOC charge are timely and survive summary judgment.

### 3.  Non-Selection Resulting in Plaintiff's Second EEOC Charge

Plaintiff alleges that, subsequent to complaining about discrimination concerning his prior non-selections, he was passed over for yet another promotion in retaliation for his protected activity.  *See generally* Complaint at ¶¶ 27-28.  As a result of this alleged retaliation, plaintiff submitted a second EEOC charge.  WMATA Mtn./Opp., Exh. 1 at 44-45; Exh. 4.  Although WMATA has not explicitly moved to dismiss this claim, it has suggested that because the EEOC has not provided plaintiff with a right to sue letter, a claim premised on this retaliation EEOC

---

[3]     WMATA suggests that the fact that the *Holowecki* case was an ADEA case should make some difference in the analysis.  It does not.  *Beckham v. Nat'l Railroad Passenger Corp.*, 590 F. Supp. 2d 82, 86 (D.D.C. 2008).

charge may be premature.  WMATA Mtn./Opp. at 2 (noting that, upon information and belief, the EEOC has not acted on plaintiff's second EEOC charge containing the retaliation claim), Exh. 1 at 44-45 (questioning plaintiff during his deposition whether he had received a right to sue notice for his second charge).  If WMATA suggests that plaintiff cannot pursue claims included in an EEOC charge because he failed to obtain a right to sue letter, it is mistaken. *Simms v. District of Columbia*, 699 F. Supp. 2d 217, 228 (D.D.C. 2010) (allowing plaintiff to pursue discrimination claim despite lack of right to sue letter because the EEOC had failed to act on her complaint within 180 days).  Plaintiff submitted his EEOC charge on the retaliation claim in March 2011 (WMATA Mtn./Opp., Exh. 4) and, more than 180 days later, on November 14, 2011, he filed the current action.  Accordingly, plaintiff has a viable retaliation claim that he can pursue at trial.

## E.  Plaintiff's Age Discrimination Claims

Plaintiff also claims that he was denied the promotions addressed above because of discrimination based on his age.  Although *pro se* plaintiff's complaint does not explicitly so state, this claim is presumably premised on the Age Discrimination in Employment Act.  29 U.S.C. § 621 *et seq.*  Defendant, in fact, has interpreted the claims in such manner.  *See* WMATA Mtn./Opp. at 4-5.

In its motion for summary judgment, WMATA argues "that a suit for monetary damages[4] cannot be maintained against WMATA under the [ADEA]."  *Id.*  In support of that position, WMATA cites the D.C. Circuit's opinion in *Jones v. WMATA*, 205 F.3d 428 (D.C. Cir. 2000). In *Jones*, the Circuit held that because "WMATA was created by a compact enacted by the

---

[4]      Although WMATA refers only to a suit for monetary damages, it is clear that any Eleventh Amendment immunity would also apply to injunctive relief.  *See Bailey v. WMATA*, 696 F. Supp. 2d 68, 72 (D.D.C. 2010).

Congress and to which the Commonwealth of Virginia, the State of Maryland and the District of Columbia are signatories," the signatory states conferred their Eleventh Amendment immunity upon WMATA, "which therefore enjoys, to the same extent as each state, immunity from suit in federal court based on its performance of governmental functions." *Id.* at 432.  Such governmental function immunity encompasses personnel decisions concerning WMATA employees. *Id.*  Consequently, because the Supreme Court in *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000), definitively held that Congress did not abrogate the states' Eleventh Amendment immunity from ADEA liability because its attempt to abrogate such immunity exceeded its authority under § 5 of the Fourteenth Amendment, the D.C. Circuit concluded that WMATA was entitled to the same immunity from ADEA liability. *Id.*  Plaintiff does not directly address nor distinguish this controlling authority.  Accordingly, plaintiff's age discrimination claims against WMATA must be dismissed.


## IV.  MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff has moved the Court for appointment of counsel. [Docket No. 17].  This is the third time plaintiff has moved for such appointment. [Docket Nos. 2 & 6].  The prior two motions were denied.  The first motion was denied because plaintiff provided almost no information supporting the request. [Docket No. 5].  The second motion was denied because plaintiff failed to demonstrate that he lacked the financial resources to hire an attorney (he seemed to have the resources but would rather spend it on his children's college tuition) and there was no evidence in the record that plaintiff's claims would be meritorious. [Docket No. 7].  His current motion seems to contain no new information.  But, as set forth above, most of

plaintiff's claims are now heading to trial.  As such, the Court must take a fresh look at this request.

A plaintiff in a civil case does not have a constitutional right to counsel. *Willis v. FBI*, 274 F.3d 531, 532-33 (D.C. Cir. 2001).  However, Title VII contains a specific provision allowing for the appointment of counsel.  The appointment of counsel provision provides:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

42 U.S.C. § 2000e-5(f)(1).  In considering motions for appointment of counsel under Title VII, courts in this Circuit consider several factors: "'(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel.'" *Robinson-Reeder v. Amer. Council on Educ.*, 626 F. Supp. 2d 11, 16 (D.D.C. 2009) (quoting *Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984)); *see also Willis*, 274 F.3d at 532 (noting that "the local rule [83.11] differs only slightly from the *Poindexter* factors").  The Court considers each of these factors below.

First, plaintiff has provided no new information concerning his financial resources or his attempts to obtain counsel.  Perhaps now that his case is headed to trial, attempts to locate counsel willing to take the case, at least in part, on a contingency basis might be more fruitful.  Second, because plaintiff's case is now heading to trial, the potential of ultimately prevailing in the matter is greater.  Although WMATA's internal investigation of plaintiff's claims did not conclude that plaintiff was the victim of discrimination, it certainly flagged several problems with the manner in which the positions were filled.  A reasonable jury could reach a different conclusion based on the same facts.  Third, it is not clear whether plaintiff has made additional

attempts to secure counsel since the last motion to appoint counsel was denied.  Again, new attempts at securing counsel subsequent to this decision may prove more fruitful.  Finally, because this matter is heading to trial, although plaintiff has proved himself to be both intelligent and articulate, trial in federal court is generally not within the abilities of a layperson and the Court believes that the plaintiff would have difficulty presenting the case adequately without the aid of counsel.

Based on these factors, some of which weigh in favor of appointment and some which weigh against, the Court concludes that, at this time, it will appoint counsel for the sole purpose of mediation.  If mediation proves unsuccessful and if plaintiff has made additional unsuccessful attempts to locate counsel, the Court at that time will entertain a new motion for appointment of counsel for purposes of trial.

## V.  CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is DENIED. Defendant's partial motion for summary judgment is GRANTED in part and DENIED in part. Plaintiff's motion to appoint counsel is GRANTED in part and DENIED in part.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 6th day of December, 2012.

RUDOLPH CONTRERAS
United States District Judge